COMMONWEALTH *vs.* ALBERT ROSENTHAL.

Norfolk.    March 11, 1907. — April 1, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Horse Racing.    Keeping Place for Registering Bets.    Gaming.    Statute.*

The exception in R. L. c. 214, § 30, does not legalize betting at trials of speed of horses for premiums offered by agricultural societies or other corporations authorized to offer such premiums. It merely provides that racing for such premiums shall be allowed.

COMPLAINT, received and sworn to in the District Court of Northern Norfolk on August 21, 1906, under R. L. c. 214, § 17, charging that the defendant on August 20, 1906, at Dedham, in a certain room in a building known as the Grand Stand of the Readville Trotting Park engaged, in the business and employment of selling pools and registering bets upon the result of certain trials and contests of speed between contesting horses.

In the Superior Court the case was tried before *Dana,* J.    It appeared that the defendant upon the date alleged in the complaint was, present within the premises of the New England Trotting Horse Breeders' Association, a corporation organized under the laws of this Commonwealth, authorized to do and doing business and conducting races for premiums under the provisions of R. L. c. 125, § 11; that, on the date alleged in the complaint and at the time of the acts complained of, trials of speed of horses for premiums offered by the association were being conducted by the association at its grounds at Readville; and that before such trials of speed the defendant took part in a certain transaction which tended to show a registering of bets. It was agreed that there was no evidence of pool selling.

The defendant asked the judge to order a verdict of not guilty, among other reasons, because of the provisions of R. L. c. 214, § 30.    This the judge refused to do, and instructed the jury that they would be warranted in finding the defendant guilty of the offence charged in the complaint.    Thereupon the jury returned a verdict of guilty; and the judge reported the case for

the determination by this court of the questions of law arising therein.

*H. Parker,* (*J. W. McAnarney & H. H. Fuller* with him,) for the defendant.

· *T. E. Grover,* District Attorney, for the Commonwealth.

MORTON, J.   It is manifest that the jury were warranted in finding, as the defendant concedes they were, that the defendant was engaged in racing horses for bets or wagers of money.   The defendant contends, however, that the effect of the exception in R. L. c. 214, § 30, is to render that lawful when the bets or wagers are made in respect to " trials of speed of horses for premiums offered by . . . corporations authorized thereto by the provisions of section eleven of chapter one hundred and twenty-five " of the Revised Laws.   The bets in this case were made at trials of speed of horses on the premises of the New England Trotting Horse Breeders' Association for premiums offered by that association which was a corporation thereto duly authorized, and the defendant therefore contends that he should not have been convicted of the offence charged.   The provisions of § 30 of R. L. c. 214, so far as material, are as follows : " Whoever, except in trials of speed of horses for premiums offered by legally constituted agricultural societies, or by corporations authorized thereto by the provisions of section eleven of chapter one hundred and twenty-five, engages in racing, running, trotting or pacing a horse or other animal of the horsekind for a bet, wager of money or other valuable thing, or of a purse or stake made within this commonwealth . . . shall be punished by a fine " etc.   We do not think that the Legislature intended by anything contained in this section to legalize betting at trials of speed of horses for premiums offered by agricultural societies or other corporations authorized thereto.   What it intended to do was to except from the provisions forbidding horse-racing for bets or a purse trials of speed for premiums offered by agricultural societies or other duly authorized corporations; or in other words to provide that trying the speed of horses for premiums offered by the societies or corporations authorized to offer such premiums should not be regarded as racing horses for a purse or wager.   The ambiguity if any arises from the elliptical mode of expression and the brevity caused by the condensation of pre-

vious statutes into a single section. The note of the commissioners to § 30 which is relied on by the defendant shows simply that the commissioners construed St. 1900, c. 409, as exempting what the associations specified in § 1 of that act were authorized to do from the operation of the law forbidding betting, gaming or pool selling; not as sanctioning betting at the trials of speed which such associations were authorized to hold. The view which we have taken of the effect of the excepting clause in § 30 renders it unnecessary to consider whether, if the construction contended for by the defendant were correct, he would not still be liable under § 17 for keeping a room or place for the purpose of registering bets. The result is that there must be judgment on the verdict.

*So ordered.*